08-1757-ag
Wang v. Holder

BIA
A074-857-411

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of December, two thousand nine.

PRESENT:
> HON. RALPH K. WINTER,
> HON. ROBERT A. KATZMANN,
> HON. DEBRA ANN LIVINGSTON,
> > <u>Circuit Judges</u>.

_____

WEN FANG WANG,
> <u>Petitioner</u>,

> v.

ERIC H. HOLDER JR., UNITED STATES ATTORNEY GENERAL,[*]
> <u>Respondent</u>.

08-1757-ag

NAC

_____

---

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**       Gary J. Yerman, New York, New York.

**FOR RESPONDENT:**       Gregory G. Katsas, Assistant Attorney General, Civil Division; Barry J. Pettinato, Assistant Director; Katharine E. Clark, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Wen Fang Wang, a native and citizen of the People's Republic of China, seeks review of a March 27, 2008 order of the BIA denying her motion to reopen her removal proceedings. In re Wen Fang Wang, No. A 074 857 411 (B.I.A. Mar. 27, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir. 2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir. 2008).

2

We find that the BIA did not err in denying Wang's untimely motion to reopen. An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Additionally, the deadline may be equitably tolled to accommodate claims of ineffective assistance of counsel, so long as the movant has exercised "due diligence" in vindicating his or her rights. See Cekic v. INS, 435 F.3d 167, 171 (2d Cir. 2006).

**I.   Ineffective Assistance of Counsel**

We find no error in the BIA's conclusion that Wang failed to exercise due diligence in pursuing her ineffective assistance of counsel claim. See id. In her motion, Wang asserted that she was unaware that she had been ordered removed in absentia, that her prior attorney had filed in 2001 a motion to reopen in an effort to rescind that order, or that he had filed an appeal of the Immigration Judge's denial of that motion. The BIA did not abuse its discretion in rejecting that assertion where Wang submitted a signed

3

affidavit in support of the 2001 motion and signed the notice of entry of appearance her attorney filed with the BIA on appeal.  Therefore, as the BIA properly found, Wang failed to exercise due diligence in pursuing her ineffective assistance of counsel claim where she knew of her in absentia order, the motion, and the appeal by at least May 2001, and provided no explanation for her seven-year delay in filing her motion to reopen.  See Rashid v. Mukasey, 533 F.3d 127, 132 (2d Cir. 2008) (finding no exercise of due diligence where fourteen months elapsed from the time the petitioner knew or should have known of the alleged ineffective assistance).  Wang asserts before this Court that she did not sign the affidavit and notice of appearance and that they were fraudulently prepared by her prior attorney.  However, because she made no such claim before the BIA, we decline to consider her argument. Steevenez v. Gonzales, 476 F.3d 114, 117 (2d Cir. 2007) ("To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA."); see also 8 U.S.C. § 1252(b)(4)(A) (stating that "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based").

## II. Changed Country Conditions

Additionally, substantial evidence supports the BIA's finding that Wang failed to demonstrate changed country conditions excusing the untimely filing of her motion. See 8 U.S.C. 1229a(c)(7)(C)(ii); Jian Hui Shao, 546 F.3d at 169. The BIA based its conclusion that Wang had not demonstrated changed country conditions on the fact that it had already considered many of the documents Wang submitted and concluded that such evidence did not show a material change in the family planning policy of the Fujian Province. This was entirely proper. We have previously reviewed the BIA's consideration of evidence similar to that which Wang submitted and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution. See Jian Hui Shao, 546 F.3d at 169-72 (concluding, in a case where similar evidence was submitted, that the BIA had pointed to substantial evidence raising doubts that the petitioner would be persecuted, and noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the

agency"); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Nothing in the record compels us to conclude that the BIA ignored the evidence Wang submitted or the arguments she made, evidence and arguments the BIA is asked to consider time and again. See Xiao Ji Chen v. U.S. Dep't of Justice, 471 F.3d 315, 338 n.17 (2d Cir. 2006). Moreover, the BIA did not abuse its discretion in declining to accord significant weight to the affidavit of Wang's cousin or the village notice because she did not provide the original documents. See id. at 342 (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

Finally, the BIA's determination that Wang was ineligible to file a successive asylum application was not in error. See Yuen Jin v. Mukasey, 538 F.3d 143, 156, 158-

59 (2d Cir. 2008).**

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

---

** We note that Wang claims that she married a U.S. citizen, that her U.S. citizen husband filed a visa petition on her behalf, and that this petition was approved in 2003, and therefore she is eligible for adjustment of status.  The BIA did not address this claim because Wang did not offer any evidence in support of it or submit an application for adjustment of status.  We do not speak to Wang's eligibility for adjustment of status based on her marriage.